Shalom D. Stone, Esq.
sstone@bmk-law.com
BROWN MOSKOWITZ & KALLEN, P.C.
180 River Road
Summit, New Jersey 07901
Tel: (973) 376-0909
Fax: (973) 376-0901
Attorneys for Defendants Morten Nilsen and Kimya Nilsen

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN HEGRENES, LIFECLUB INTERNATIONAL, S.A., and LIFECLUB INTERNATIONAL LTD.,<br><br>       Plaintiffs,<br><br>v.<br><br>MORTEN NILSEN, BAARD JORDAL, ORION TRADING INSTITUTION, ORION TRADING MANAGEMENT, TOP UNIT MANAGEMENT, and KIMYA NILSEN,<br><br>       Defendants. | Civil Action No. _____<br><br><br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §1441, *et seq.*, defendants Morton Nilsen and Kimya Nilsen ("Defendants") hereby remove the above-captioned action from the Superior Court of New Jersey, Essex County, to the United States District Court for the District of New Jersey. The basis for removal is as follows:

### Procedural Background

1. On March 15, 2016, an action was commenced in the Law Division of the Superior Court of New Jersey, Law Division, Essex County, captioned *John Hegrenes, Lifeclub International,*

*S.A., and Lifeclub International, Ltd. v. Morten Nilsen, et al.,* Docket No. ESX-L-1912-16 (the "State Court Action").

2. Defendants were first served with copies of the Summons and Complaint in the State Court Action on March 24, 2016.

3. Defendant Morten Nilsen later received additional copies of the Complaint, together with Summonses addressed to: (a) "Morten Nilsen, Officer of Orion Trading Management," (b) "Morten Nilsen, Chief Financial Officer of Orion Trading Institution," and (c) "Morten Nilsen, Secretary of Top Unit Management."  Morten Nilsen is not an Officer of Orion Trading Management, Chief Financial Officer of Orion Trading Institution, or Secretary of Top Unit Management.

4. This Notice is timely filed pursuant to 28 U.S.C. §1446(b) in that it is filed within 30 days of Defendants' receipt of the Summons and Complaint.

5. A copy of all process, pleadings and orders served upon Defendants in the State Court Action are attached hereto as Exhibit A.

**Jurisdiction and Venue**

6. This action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a), in that it is a civil action involving  claims arising under the laws, Constitution, or treaties of the United States.  In particular, the Complaint asserts claims arising under: Section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10(b)(5) (Count One), Section 20(a) of the Securities Exchange Act of 1934 (Count Two), Section 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)(5) (Count Three), the Securities Exchange Act of 1933 (Count Five), and RICO, 18 U.S.C. § 1962(c) (Count Thirteen).

7. Removal is proper to this Court pursuant to 28 U.S.C. §§110 and 1441(a) because the United States District Court for the District of New Jersey is the federal judicial district embracing the Superior Court of New Jersey, Law Division, Essex County, where the State Court Action was originally filed.

**Removal Obligations**

8. Pursuant to 18 U.S.C. 1446(d), Defendants are filing this Notice with this Court and with the Superior Court of New Jersey, Law Division, Essex County, and are also serving same upon counsel for Plaintiffs.

9. Plaintiffs purported to serve Mr. Nilsen on behalf of defendants Orion Trading Institution, Orion Trading Management, and Top Unit Management (collectively, the "Corporate Defendants"). However, the Complaint was not properly served, and Mr. Nilsen is not a managing or general agent of any of the Corporate Defendants, is not an officer of any of the Corporate Defendants, is not an employee of any of the Corporate Defendants, and is not authorized by appointment or by law to receive service of process on behalf of the Corporate Defendants. The Corporate Defendants are no longer functioning entities. The Corporate Defendants never conducted business in the United States. Accordingly, it is Defendants' position that the Corporate Defendants have not yet been served. To the extent, however, that any of the Corporate Defendants is deemed to have been served through service of a Summons upon Defendant Morten Nilsen, the Corporate Defendants consent to the removal of this action.

10. Defendants reserve the right to supplement this Notice with additional facts, legal authorities, and evidence in support of removal.

For the reasons set forth above, Defendants hereby remove this case to the United States District Court for the District of New Jersey and prays that the filing of this Notice of Removal

with this Court and the Clerk of the Superior Court of New Jersey, Law Division, Essex County, shall effect removal of this action to this Court.

                                          Respectfully submitted,

                                          <u>/s/ Shalom D. Stone</u>
                                          Shalom D. Stone, Esq.
                                          sstone@bmk-law.com
                                          Brown Moskowitz & Kallen, P.C.
                                          180 River Road
                                          Summit, New Jersey 07901
                                          Attorneys for Defendants Morten Nilsen and Kimya Nilsen

Date: April 22, 2016