NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN HEGRENES, LIFECLUB INTERNATIONAL, S.A. and LIFECLUB INTERNATIONAL LTD., <br><br> Plaintiff(s) <br><br> v. <br><br> MORTEN NILSEN, BAARD JORDAL, ORION TRADING INSTITUTION, ORION TRADING MANAGEMENT, TOP UNIT MANAGEMENT and KIMYA NILSEN, <br><br> Defendant(s) | Civil Action No.: 16-2271 (JLL) <br><br> **OPINION** |

**Linares**, District Judge.

This matter comes before the Court by way of a motion to dismiss for *forum non conveniens* filed by Defendants Morten Nilsen and Kimya Nilsen (the "Moving Defendants" or the "Nilsens"). (ECF No. 6, "Defs.' Mov. Br."). Corporate Plaintiffs LifeClub International, S.A., LifeClub International Ltd. (collectively, "LifeClub") and individual Plaintiff John Hegrenes have opposed this motion (ECF No. 14, "Pls.' Opp. Br."). Defendants have replied to same. (ECF No. 15, "Defs.' Reply Br.").

This case arises out of allegations that Defendants misappropriated Plaintiffs' investment funds in the foreign exchange market in violation of United States securities laws among other common law doctrines. The Moving Defendants seek dismissal of this case under the doctrine of *forum non conveniens*, arguing that Spain is a more appropriate forum. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. Having reviewed

the papers filed in support of and in opposition to the pending motion, and for the reasons stated below, the Court denies the Moving Defendants' motion to dismiss.

## I. BACKGROUND[1]

### A. Parties

Plaintiffs LifeClub International, S.A. and LifeClub International Ltd. (collectively "LifeClub") are foreign corporations incorporated under the laws of Panama and the United Kingdom, respectively. (ECF No. 1, Compl. ¶¶ 3, 4). According to the Complaint, "LifeClub is an organization that consists of members who pool their assets for the purposes of investment." (*Id.* ¶ 13).

Plaintiff John Hegrenes is both a member and manager of LifeClub, who is authorized to pursue claims on behalf of LifeClub's members. (Compl. ¶¶ 1, 14-17). Mr. Hegrenes is a citizen of Norway who currently resides in Spain. (ECF No. 14-2, Certification of John Hegrenes, "Hegrenes Cert." ¶ 16).

Plaintiffs have named Morten Nilsen, Kimya Nilsen and Baard Jordal as individual Defendants, and have named Orion Trading Institution ("OTI"), Orion Trading Management, and Top Unit Management as corporate Defendants. (Compl. ¶¶ 5-10). Defendants Kimye Nilsen and Morten Nilsen are married. (ECF No. 6-1, Certification of Morten Nilsen, "Nilsen Cert." ¶ 2). The Nilsens reside in Montclair, New Jersey. (Compl. ¶¶ 5-6). The parties disagree over Mr. Jordal's residency. While the Complaint alleges that Mr. Jordal resides in Spain (Compl. ¶ 7), Plaintiffs now state that Mr. Jordal is not a resident of Spain and in fact only vacations in the

---

[1] The facts as stated herein are taken as alleged in Plaintiff's Complaint. (ECF No. 1, "Compl."). For purposes of this Motion to Dismiss, these allegations are accepted by the Court as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) ("The District Court, in deciding a motion [to dismiss under Rule] 12(b)(6), was required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff].").

2

Country. (Hegrenes Cert. ¶¶ 14-15). Mr. Nilsen, on the other hand, alleges that Mr. Jordal "lived in Spain at least from 2008-2011." (ECF No. 15-1, Nilsen Reply Cert. ¶ 11).

Plaintiffs allege that each of the three Corporate Defendants "is an entity organized under the laws of a foreign country and transacts business in the State of New Jersey." (Compl. ¶¶ 8-10). However, Mr. Nilsen has certified that "[t]he Corporate Defendants have not been operating since approximately late 2011-2012." (Nilsen Reply Cert. ¶ 17). Plaintiffs also allege that "Baard Jordal and Morten Nilsen were officers and directors of [the Corporate Defendants]" and that "Morten Nilsen was the Chief Financial Officer of [Orion Trading Institution]." (*Id.* ¶¶ 10-11). According to the Plaintiffs, "[t]he Corporate Defendants were totally dominated and controlled by Morton Nilsen and Baard Jordal." (Compl. ¶ 37).

### B. Pertinent Facts

According to the Complaint, "LifeClub entered into written agreements with OTI wherein OTI as the asset manager would invest LifeClub pooled funds in the foreign currency market, futures and options, indexes, and commodities." (*Id.* ¶ 12). Specifically, Plaintiffs allege that LifeClub members invested almost 20 million euros with the Defendants, based on Defendants' alleged misrepresentations that they had success in trading in the foreign exchange markets. (*Id.* ¶¶ 30-31). Plaintiffs state that in November 2011 "Defendants advised LifeClub and its members that the Defendants had lost nearly 98% of the monies invested with the Defendants as a result of trading in the Forex market," amounting to a loss of over 18 million euros. (*Id.* ¶ 36).

In summary, Plaintiffs accuse the Defendants of operating a Ponzi scheme out of New Jersey, and of misappropriating Plaintiffs' investment money to "pay for lavish personal expenses, extravagant vacations and expensive motor vehicles." (*Id.* ¶¶ 43, 139-140). Plaintiffs allege that they were continually misled and defrauded by Defendants' representations concerning Plaintiffs'

3

investments in the market, and that such representations were made by Defendants in New Jersey. (*Id.* ¶ 41).

Against this backdrop, Plaintiffs filed the pending action in the Superior Court of New Jersey on March 15, 2016. Plaintiffs assert violations of federal securities laws and the New Jersey RICO statute, as well as a number of common law claims including breach of contract, breach of fiduciary duty, fraud, conversion, unjust enrichment, conspiracy and negligence. In addition to other relief, Plaintiffs seek an order of attachment of personal and real property owned by the Nilsens, (Compl. ¶ 93) and have filed notices of *lis pendens* on the Nilsens' properties located in Essex County, New Jersey. (Pls.' Opp. Br. at 3). On April 22, 2016, pursuant to 28 U.S.C. § 1441, the Nilsen's removed this matter to the United States Federal Court for the District of New Jersey based upon federal question jurisdiction. (*See* Notice of Removal).

The Nilsens filed the instant motion on May 13, 2016, arguing that the case should be dismissed in favor of jurisdiction in the Spanish courts. Plaintiffs have opposed this motion, and the Nilsens have replied to that opposition. This motion is now ripe for the Court's review.

## II. LEGAL STANDARD

A district court maintains "substantial flexibility in evaluating a *forum non conveniens* motion." *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988). In determining whether to dismiss Plaintiffs' claims on *forum non-conveniens* grounds, a district court applies a three-step analysis. *See Windt v. Qwest Communs Int'l, Inc.*, 529 F.3d 183, 189–90 (3d Cir. 2008). First, the court must "determine whether an adequate alternative forum can entertain the case." *Id.* Assuming the existence of an adequate alternative forum, "the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum." *Id.* at 190. Third, the "court must balance the relevant private and public interest factors." *Id.* It is well

4

settled that the burden of persuasion as to each of the three elements of the *forum non conveniens* analysis is borne by the defendant. *See Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43-44 (3d Cir. 1988).*see also Kroger, Inc. v. O'Donnell*, No. 07-cv-3091, 2007 WL 3232586, at *2 (D.N.J. Oct. 31, 2007).

Dismissal on the grounds of *forum non conveniens* may be warranted "when trial in the chosen forum 'would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when 'the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981) (quoting *Koster v. Lumbermens Mut. Cas. Co.*, 330 U.S. 518 (1947)). That said, "the plaintiff's choice of forum should rarely be disturbed, unless the balance of factors is strongly in favor of the defendant." *Lacey*, 862 F.2d at 42-43.

## III. ANALYSIS

### i. Adequate Alternative Forum

In order to demonstrate that an adequate alternative forum exists, the Moving Defendants must show that (1) they are "amenable to process in the alternative forum," and (2) that the subject matter of this action is "cognizable in the alternative forum in order to provide [Plaintiffs] appropriate redress." *Kultur Int'l Films Ltd. v. Covent Garden Pioneer, FSP., Ltd.,* 860 F.Supp. 1055, 1063 (D.N.J. 1994); *see also Piper Aircraft Co.*, 454 U.S. at 255 n.22.

1. Amenability of Parties to Service of Process in Spain

The Nilsens argue that they meet the first prong of the adequate forum analysis. (Defs.' Mov. Br. at 4). Specifically, Mr. Nilsen has certified that both he and Mrs. Nilsen are amenable to process in Spain. (*Id.* at 4; Nilsen Cert. ¶ 12). Additionally, the Nilsens maintain that the

5

remaining Defendants are amenable to service of process in Spain because (1) the Complaint alleges that Mr. Jordal is a resident of Spain and (2) the Corporate Defendants' "client base and trading activities took place in Spain (among other foreign jurisdictions)." (Defs.' Mov. Br. at 4). The Moving Defendants also note that it remains unclear whether this Court has jurisdiction over any Defendant Jordal. (Defs.' Reply Br. at 3).

In response, Plaintiffs argue that "[t]here is nothing showing that [the Non-Moving Defendants have acquiesced to Spanish jurisdiction," and furthermore, that "Mr. Nilsen does not have the authority to speak for co-defendant, Kimya Nelsen" who herself has not acquiesced to service of process in Spain. (Pls.' Opp. Br. at 13-14).

Case law counsels that an alternative forum is not "adequate" unless all defendants are amenable to service of process in the desired jurisdiction. *See, e.g., Dole Foods Co., Inc. v. Watts*, 303 F.3d 1104, 1118-19 (9th Cir. 2002) (finding that "it is unclear whether there is an alternative forum in The Netherlands" where only one of the two defendants had agreed to submit to jurisdiction there); *see also In the Matter of the Application of Mount Whitney Investments, LLLP*, 15-cv-4479, 2016 WL 1737109, *3 (S.D.N.Y. May 2, 2016) ("First, all defendants must be amenable to service of process in the alternative forum."); *see also VIA Techn., Inc. v. ASUS Computer Int'l*, 14-cv-03586, 2015 WL 3809382, *7 (N.D. Cal. June 18, 2015). At this juncture, and given the disputed facts as to Mr. Jordal's residency and the status of the Corporate Defendants, it is unclear whether these Non-Moving Defendants are amenable to jurisdiction either in this Court or in Spain, and the Court will not speculate on this issue which is not squarely before the Court.

Even if the Court was satisfied that all of the Non-Moving Defendants were amenable to jurisdiction in Spain, the Court notes that of the two Moving Defendants, only one—Mr. Nilsen—

has consented to Spain's jurisdiction. The Court will not accept Mr. Nilsen's certification that Mrs. Nilsen has also consented to jurisdiction in Spain. (*See* Nilsen Cert. ¶ 12). Accordingly, the Court finds that the Nilsens have not carried their burden of showing that they are amenable to Spain's jurisdiction.

2. Spain's Ability to Grant Redress

Notwithstanding the above finding, the Court considers whether the Nilsens have shown that Plaintiffs may seek adequate redress in the Spanish courts. "In determining whether the proposed alternative forum offers an adequate remedy, this Court need not undertake an in-depth analysis of the remedies available to the Plaintiff in the foreign jurisdiction compared with the remedies available in this forum." *Miller v. Boston Scientific Corp.*, 380 F. Supp. 2d 443, 448 (D.N.J. 2005); *see also Piper Aircraft Co.*, 454 U.S. at 254. An alternative forum should not be deemed "inadequate" simply because the laws in the original forum are more favorable towards the plaintiff than those of the proposed jurisdiction. *Piper Aircraft Co.*, 454 U.S. at 254. However, "if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, the unfavorable change in law may be given substantial weight; the district court may conclude that dismissal would not be in the interests of justice." *Id.*

Mr. Nilsen has certified that "[t]o the best of [his] knowledge, Spanish law recognizes causes of action for fraud, breach of fiduciary duty, and unjust enrichment." (Nilsen Cert. ¶ 13). The Nilsens have also cited to a section of the Spanish Civil Code, which they state provides remedies for breach of contract and fraud. (Defs.' Mov. Br. at 5). In response, Plaintiffs note that Mr. Nilsen's "self-serving lay certification . . . that Spanish civil law allows for claims related to three of the Plaintiffs' causes of action does not meet defendants' burden of showing that Spain is an alternate adequate forum." (Pls.' Opp. Br. at 12). Further, Plaintiffs maintain that there is

7

nothing in the record to indicate that Spain would exercise jurisdiction over this matter to begin with, as the Complaint alleges wrongdoing in the United States rather than Spain. (*Id.* at 13).

The Court finds that the Nilsens have not provided adequate support for their position that Plaintiff may be able to seek redress in the Spanish courts. As Plaintiffs explain, the Moving Defendants

> have provided no affidavits or information from Spanish legal authorities showing that Spanish law would cover the defalcation alleged, or even provide Plaintiffs with the imposition of a constructive trust on property in New Jersey or elsewhere. There is no authority offered showing that Spanish law recognizes causes of action for off-shore fraudulent conveyances or securities violations, the underpinning of Plaintiffs' causes of action. There is no authority offered that Spain can provide the Plaintiffs with any remedies at all, including but not limited to, imposing a constructive trust on New Jersey real property and New Jersey bank accounts.

(Pls.' Opp. Br. at 12). The Court agrees. "Where there is a legitimate dispute concerning the adequacy of a foreign remedy, a defendant seeking a *forum non conveniens* dismissal must generally provide record evidence indicating that the plaintiff could obtain proper redress in the alternative forum." *Miller*, 380 F. Supp. 2d at 449. Such a showing "is crucial, because an American court cannot condition dismissal on the consent of the foreign court to provide plaintiff with an opportunity to obtain such redress." *Id.* at 440-50. The Nilsens have failed to make this showing.

Thus, even if the Nilsens had shown that they were amenable to suit in Spain, the Court finds that they have not demonstrated that Plaintiffs could seek redress in that jurisdiction. Accordingly, the Court finds that Spain is not an adequate forum for Plaintiffs' claims and will deny the pending motion to dismiss. In any event, as discussed below, even if the Nilsens had sufficiently demonstrated that Spain is an adequate forum, the Court finds that deference would be given to Plaintiffs' choice of forum in the United States and that a review of the public and private interest factors further support a denial of the Moving Defendants' motion to dismiss.

8

### ii. The Deference Given to Plaintiffs' Choice of Forum

While great deference is normally given to a plaintiff's choice of forum, less deference is given when the plaintiff is foreign to the chosen forum. *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 633 (3d Cir. 1989). However, "because the reason for giving a foreign plaintiff's choice less deference is not xenophobia, but merely a reluctance to assume that the choice is a convenient one, that reluctance can readily be overcome by a strong showing of convenience." *Id.* at 634. Stated differently, "[t]he district court must assess whether the considerable evidence of convenience has in this case overcome any reason from extending full deference to the foreign plaintiff's choice of forum." *Id.*

At the outset, the court finds suspect any argument from the Nilsens—who happen to reside in the same *county* in which the undersigned sits and certainly no more than thirty miles from this Courthouse—that litigation across the Atlantic Ocean would be more convenient. *See Lony*, 935 F.2d at 608 ("Here, in contrast, Du Pont, which is headquartered in Wilmington, Delaware, and is the largest employer in that state, seeks to move the action against it to a forum more than 3,000 miles away. It is, as Alice [in Wonderland] said, 'curiouser and curiouser.'"). In any event, the Moving Defendants maintain that Plaintiffs have "no nexus" to the United States, and that "[t]here is no evidence in New Jersey relative to the dispute and there are no witnesses in New Jersey beyond Mr. and Mrs. Nilsen." (Defs.' Mov. Br. at 6-7). The Nilsens contend that they did not engage in trading in the United States or even have a business presence in this Country, and further that they had no customers in this Country. (*Id.* at 7).

The Nilsens also argue that Spain is a more convenient forum because "LifeClub's headquarters and only office was located in Spain, and its annual meetings were held in Spain." (Nilsen Reply Cert. ¶ 13). The Nilsens further argue that it is unlikely that any material witnesses

9

would be subject to this Court's jurisdiction or willingly participate in this litigation. (Defs.' Mov. Br. at 8).

From the Plaintiffs' viewpoint, New Jersey is a convenient forum given the fact that Plaintiffs' claims arise out of the Moving Defendants' allegedly wrongful conduct in this State. (Pls.' Opp. Br. at 4-6). Specifically, the Plaintiffs allege that Mr. Nilsen and the Corporate Defendants were operating from New Jersey during the time period in question; that Mr. Nilsen made misrepresentations from New Jersey; and that the Nilsens diverted Plaintiffs' investment money into their accounts located in New Jersey. (Compl. ¶¶ 44-45). To that end, after filing the Complaint, Plaintiffs filed New Jersey notices of *lis pendens* on the Nilsens' properties located in Essex County, New Jersey. (Pls.' Opp. Br. at 3). From a practical standpoint, Plaintiffs note that the majority of documents pertaining to their allegations are in English and will need to be translated to Spanish if this case is litigated in Spain. (Pls.' Opp. Br. at 5). In fact, Mr. Hegrenes has certified that no relevant documents are in Spanish, no communications between the parties were in Spanish, and that to his knowledge, no LifeClub members are Spanish citizens. (Hegrenes Cert. ¶ 19). Notably, Mr. Nilsen disputes this point, and instead maintains that the majority of relevant documents are in Norwegian and not English. (Defs.' Rely Br. at 8).

Given that Plaintiffs' Complaint alleges unlawful conduct by the Moving Defendants arising out of New Jersey, that the Complaint makes no allegations pertaining to Spain, and that two of the three individual defendants reside within the very county in which this Court sits, the Court finds that even if the Moving Defendants were able to show that Spain is an adequate forum, the foreign Plaintiffs' chosen forum would nevertheless have been entitled to deference.

    **iii.**    **Balance of Private and Public Interest Factors**

"A defendant seeking dismissal on *forum non conveniens* grounds must show that the balance of the public and private factors 'tips decidedly in favor of trial in the foreign forum.'" *Windt*, 529 F.3d at 192 (quoting *Lacey v. Cessna Aircraft Co.* (*"Lacey II"*), 932 F.2d 170, 180 (3d Cir. 1991). Private interest factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). As noted above, the Moving Defendants maintain that it is unlikely that this Court would be able to compel pertinent witnesses to appear before the Court, or that these witnesses would otherwise be inclined to appear in this jurisdiction. While this represents a valid concern, the Court notes that the Moving Defendants have not specifically named or identified any material witnesses who present this problem, nor have they explained why these witnesses could be compelled to appear in Spain if the matter were litigated in that Country. In fact, to Plaintiffs' knowledge, "[a]lthough some witnesses are in Europe and the United States, there are no LifeClub witnesses located in Spain other than Mr. Hegrenes, who is there temporarily for work." (Pls.' Opp. Br. at 23).

The Court also notes that the parties themselves are certainly available to testify and appear in this Court; the Moving Defendants reside in the same county as this Court sits, and Mr. Hegrenes has certified that "[m]oving this matter to Spain would not be more convenient for LifeClub as travel to the United States and the court in New Jersey is readily available and relatively inexpensive." (Hegrenes Cert. ¶ 20).

Thus, the Court finds that the private interest factors weigh in favor of maintaining jurisdiction in this Court. The Court next turns to the public interest factors affecting the convenience analysis. These factors include:

11

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Piper Aircraft Co.*, 454 U.S. at 241 n. 6 (quoting *Gilbert*, 330 U.S. at 509). The Court finds that these factors also militate towards maintaining jurisdiction in this Court. Specifically, New Jersey has a strong interest in holding accountable residents who are alleged to have violated federal securities law within its State. *See Lony* 935 F.2d at 612 (3d Cir.1991) (stating that when considering the public interest factors, district courts must "consider the locus of the alleged culpable conduct . . . and the connection of that conduct to plaintiff's chosen forum" (citation omitted)). Accordingly, even if Spain was an adequate forum for Plaintiffs to prosecute this matter, the Court would nevertheless find that jurisdiction is appropriately placed in the Plaintiff's chosen forum.

## IV. CONCLUSION

For the reasons stated herein, the Court denies the Moving Defendants' motion to dismiss on *forum non-conveniens* grounds. An appropriate Order accompanies this Opinion.

IT IS SO ORDERED.

DATED: June 23rd, 2016

_____
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE