UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN HEGRENES, et al.,

*Plaintiff*,

v.

MORTEN NILSEN, et al.,

*Defendant.*

Civil Action No. 16-02271

ORDER

**THIS MATTER** comes before the Court by way of Plaintiffs John Hegrenes's ("Hegrenes"), LifeClub International, S.A.'s, and LifeClub International LTD.'s (collectively, "LifeClub," or, together with Hegrenes, "Plaintiffs") unopposed Motion for Default Judgment[1] pursuant to Federal Rule of Civil Procedure 55(b)(2), ECF No. 105, against Defendants Orion Trading Institution, Orion Trading Management, Top Unit Management (collectively, the "Entity Defendants"), and Baard Jordal ("Jordal," or, together with the Entity Defendants, "Defendants");

and it appearing that this action arises out of Defendants' alleged misappropriation of Plaintiffs' investment funds and related material misrepresentations and omissions in violation of federal and New Jersey law, Compl. ¶¶ 12-46, ECF No. 1.1;

and it appearing that Plaintiff Hegrenes is a resident of an unidentified foreign country, id. ¶ 1;

and it appearing that Plaintiff LifeClub International, S.A. is a foreign corporation organized under the laws of Panama, id. ¶¶ 2-3;

---

[1] In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

and it appearing that Plaintiff LifeClub International Ltd. is a foreign corporation organized under the laws of the United Kingdom, id. ¶¶ 2, 4;

and it appearing that Defendant Jordal is an individual residing in Barcelona, Spain, id. ¶ 7;

and it appearing that each of the Entity Defendants is an entity "organized under the laws of a foreign county" that transacts business in New Jersey, id. ¶¶ 8-10;

and it appearing that Defendants Morten Nilsen and Kimya Nilsen (collectively, the "Nilsen Parties") are New Jersey residents who were dismissed from this case pursuant to a Stipulation of Dismissal and Order entered on January 22, 2019, id. ¶¶ 5-6; ECF No. 98;

and it appearing that Defendants made untruthful and misleading representations to LifeClub and its members, including "that they were registered professional traders with significant experience and success in trading" on the foreign exchange market, Compl. ¶ 24;

and it appearing that LifeClub entered into written agreements with Orion Trading Institution under which Orion Trading Institution, "as the asset manager[,] would invest LifeClub pooled funds in the foreign currency market, futures and options, indexes, and commodities," id. ¶ 22;

and it appearing that based on Defendants' representations, Plaintiffs invested almost €20 million with Defendants for trading on the foreign exchange market, id. ¶¶ 28-31;

and it appearing that Defendants caused to be mailed, transmitted, or otherwise disseminated to Plaintiffs falsified monthly statements purporting to show each LifeClub member's account balance and the nature and amount of trades on the foreign exchange market, id. ¶ 34;

and it appearing that on repeated occasions, Defendants caused to be mailed or transmitted from the United States, including New Jersey, reports and statements containing erroneous and fraudulent information regarding investment strategy and activity related to LifeClub and its members, id. ¶ 41;

and it appearing that Defendants "were operating a Ponzi scheme where they represented to their investors, clients and customers that they were making trades in the [foreign currency exchange] market," but never actually traded or made minimal trades in such market, id. ¶ 39;

and it appearing that "Plaintiffs believe that their investments were diverted to the accounts belonging to the Defendants," id. ¶ 44;

and it appearing that Jordal and the Nilsen Defendants "are secreting assets generated from the profits made as a result of the aforementioned schemes" in New Jersey, Florida, the Bahamas, Belize, Bermuda, and Europe, id. ¶ 45;

and it appearing that Defendants have failed to answer or otherwise respond as of the date of this Order;

and it appearing that Plaintiffs filed the present Motion for Default Judgment seeking judgment as to Count Three (violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder), Count Four (breach of fiduciary duty), Count Six (common law fraud and conspiracy), Count Eight (conversion), Count Ten (aiding and abetting breach of fiduciary duties), Count Eleven (breach of contract), Count Twelve (negligence), Count Thirteen (Racketeer Influenced and Corrupt Organizations Act ("Federal RICO"), 18 U.S.C. § 1962(c)), Count Fourteen (N.J.S.A. §§ 2C:41-1 et seq. ("N.J. RICO")), Count Fifteen (unjust enrichment), and Count Sixteen (alter ego liability), Pls. Mem. at 1-2, 43, ECF No. 105.1;

and it appearing that a default judgment may be entered only against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects proper service on Jordal, ECF No. 57;

and it appearing that service is properly effectuated on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," Fed. R. Civ. P. 4(h)(1)(B), or in accordance with N.J. Ct. R. 4:4-4(a)(6), which further permits service on a foreign corporation by serving "a person at the principal place of business of the corporation in [New Jersey] in charge thereof, or if there is no place of business in [New Jersey], then on any employee of the corporation within [New Jersey] acting in the discharge of his or her duties . . . subject to due process of law;"

and it appearing that the Entity Defendants were purportedly served on April 1, 2016, via personal service on Mr. Nilsen as the purported Chief Financial Officer ("CFO") of Orion Trading Institution, Officer of Orion Trading Management, and Secretary of Top Unit Management, Decl. of Gregory D. Miller, Esq., Exs. B-D, ECF Nos. 105.4-6;

and it appearing that Mr. Nilsen was the CFO of the Entity Defendants between 2004 and 2011, Aff. of Morten Nilsen ¶¶ 2-4, ECF No. 105.14;

and it appearing that by letter dated May 19, 2016, counsel for Mr. Nilsen advised the Court that Mr. Nilsen "is a *former* officer of the [Entity] Defendants but he has not performed any services for them since 2011" and therefore the purported April 1, 2016, service on the Entity Defendants was "invalid (or is at least factually disputed) due to Mr. Nilsen's lack of any current relationship with the [Entity] Defendants," ECF No. 10 at 1 (italics in original);

and it appearing that counsel for Mr. Nilsen further advised the Court that the Entity Defendants were "no longer functioning" and "never conducted business in the United States," id. at 2;

and it appearing that, upon review of Plaintiffs' moving brief and accompanying papers, the Court is unable to determine whether service was proper on the Entity Defendants because Plaintiffs have not demonstrated that Mr. Nilsen was authorized to accept service on behalf of the Entity Defendants on April 1, 2016, see Fed. R. Civ. P. 4(h)(1)(B); N.J. Ct. R. 4:4-4(a)(6);

and it appearing that "[a] court will deny a default judgment if the complaint fails to state a claim under the motion to dismiss standard," Budge v. Arrianna Holding Co., LLC, No. 13-0056, 2014 WL 1705830, at *5 (D.N.J. Apr. 29, 2014); see also Ramirez v. Nacerima Indus., No. 10-1204, 2012 WL 3262466, at *1 (D.N.J. Aug. 8, 2012) (denying motion for default judgment under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted);

and it appearing that "securities fraud claims are subject to [Federal] Rule [of Civil Procedure] 9(b), which requires [a] plaintiff to 'state with particularity the circumstances constituting fraud or mistake,'" Williams v. Globus Med., Inc., 869 F.3d 235, 240 (3d Cir. 2017);

and it appearing that § 10(b) of the Securities Exchange Act of 1934 "reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States," Morrison v. Nat'l Australia Bank Ltd., 561 U.S. 247, 273 (2010);

and it appearing that because "§ 10(b) is not extraterritorial, neither is [Securities and Exchange Commission] Rule 10b–5," id. at 262;

and it appearing that Plaintiffs have failed to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b) because the Complaint does not state with particularity that Defendants' conduct relates to "the purchase or sale of a security listed on an American stock exchange, [or] the purchase or sale of any other security in the United States," see id. at 273; see also Compl. ¶¶ 61, 64 (alleging misconduct related to trading on the foreign exchange market);[2]

and it appearing that § 1964(c)[3] of Federal RICO, which "creates a private right of action for injuries to a person's business or property[,] . . . 'requires a civil RICO plaintiff to allege and prove a domestic injury to business or property and does not allow recovery for foreign injuries,'" Cevdet Aksut Ve Ogullari Koll.Sti v. Cavusoglu, 756 F. App'x 119, 123 (3d Cir. 2018) (quoting RJR Nabisco, Inc. v. European Cmty., 136 S.Ct. 2090, 2103, 2111 (2016));

and it appearing that § 1964 provides that "no person may rely upon any conduct that would have been actionable as fraud in the purchase or sale of securities to establish a violation of section 1962," 18 U.S.C. § 1964(c); see also Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc., 189 F.3d 321, 330 (3d Cir. 1999) (noting that "the proper focus of the analysis is on whether the conduct pled as predicate offenses is 'actionable' as securities fraud");

and it appearing that Jordal conducted and/or participated in the Entity Defendants' affairs through a pattern of racketeering activity constituting mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), and money laundering (18 U.S.C. § 1956), Compl. ¶¶ 121, 124;[4]

---

[2] Plaintiffs generally allege that Mr. Nilsen "operated and conducted [the Ponzi] scheme from New Jersey" by "coordinat[ing] and manag[ing] all wire transfers involving the Plaintiffs' accounts." Compl. ¶ 43. However, Plaintiffs do not specify the circumstances surrounding these wire transfers, including whether the wire transfers involved the purchase or sale of a security.

[3] While Plaintiffs seek relief under the substantive provision of § 1962(c), it is § 1964(c) that provides for a private cause of action. See 18 U.S.C. § 1964(c).

[4] Plaintiffs specify in their moving brief that their Federal RICO claim applies only to Jordal. See Pls. Mem. at 30 n.4.

and it appearing that, upon review of Plaintiffs' moving brief and accompanying papers, the Court is unable to determine whether Jordal violated Federal RICO because Plaintiffs have failed to set forth facts demonstrating that: (1) they sustained a domestic injury as a result of Jordal's conduct; and (2) the conduct underlying the alleged predicate offenses is not actionable as securities fraud, see Bald Eagle Area Sch. Dist., 189 F.3d at 330 (affirming dismissal of civil RICO claim where alleged mail, wire, and bank fraud predicate offenses were actionable as securities fraud);

and it appearing that "[w]hen a plaintiff seeks the entry of a default judgment, . . . courts have an affirmative obligation to ensure that personal jurisdiction is proper over each defendant against whom such a judgment is sought," Swift v. Pandey, No. 13-650, 2016 WL 1117950, at *4 (D.N.J. Mar. 22, 2016) (quoting Allaham v. Naddaf, No. 13-3564, 2015 WL 3421464, at *1 (E.D. Pa. May 28, 2015), aff'd, No. 15-2575, 2015 WL 9241249 (3d Cir. Dec. 17, 2015));[5]

and it appearing that the Court may exercise personal jurisdiction over a non-resident defendant if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice," Henry Heide, Inc. v. WRH Prod. Co., 766 F.2d 105, 108 (3d Cir. 1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted);

and it appearing that, upon review of Plaintiffs' moving brief and accompanying papers, the Court is unable to determine whether it has personal jurisdiction over Defendants because Plaintiffs have not set forth with reasonable particularity facts demonstrating that each of the Defendants established constitutionally-sufficient minimum contacts with the forum, see Swift,

---

[5] In addition to personal jurisdiction, a court must have subject-matter jurisdiction to enter a default judgment. See Purpura v. Christie, 687 F. App'x 208, 210 (3d Cir. 2017) (per curiam), cert. denied, 138 S. Ct. 389 (2017), reh'g denied, 138 S. Ct. 727 (2018) (affirming denial of entry of default judgment for lack of subject-matter jurisdiction).

2016 WL 1117950, at *4 (denying without prejudice motion for default judgment where basis for personal jurisdiction was unclear from plaintiffs' submissions);

**IT IS** on this 2nd day of January, 2020;

**ORDERED** that Plaintiffs' Motion for Default Judgment, ECF No. 105, is hereby **DENIED**, without prejudice, and any renewed motion shall demonstrate that the Entity Defendants have been properly served, explain why this Court may exercise personal and subject-matter jurisdiction over all Defendants as to any and all claims asserted in the motion, and address all other issues identified in this Order.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**